## AS TO VALIDITY OF A CONTRACT OF SHIPMENT, ONE PROVISION OF WHICH HAS BEEN WAIVED BY THE CARRIER.

Court of Appeals for Hamilton County.

JAMES F. BENNETT v. THE PENNSYLVANIA COMPANY AND THE PITTSBURG, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.*

Decided, February 14, 1916.

*Carriers—Shipments Under the Uniform Live Stock Contract—Agreement by Carrier to Render Additional Service—Does Not Render Contract Void, Unless—Character of the Discrimination Which is Inhibited.*

The waiver by a carrier of one of the provisions of a uniform contract of shipment, thereby giving to the shipper a service other and greater than that specified in the contract, does not render the contract void under the Ohio statute relating to unlawful preferences for transportation wholly within the state, unless the discrimination thereby given to the shipper is unjust or unreasonable and can fairly be considered as granting some privilege or concession not enjoyed by others similarly engaged.

---

.*Reversing *Bennett* v. *Pennsylvania Co.*, 17 N.P.(N.S.), 42.
*Motion to require the Court of Appeals to certify its record overruled by the Supreme Court, May 22, 1916.

*Black, Swing & Black,* for plaintiff in error.
*Maxwell & Ramsey,* contra.

JONES (E. H.), P. J.

The discrimination inhibited by Sections 508, 564, 567 and 568 of the General Code is such an one as is unjust or unreasonable and can fairly be considered as giving some substantial privilege or concession not enjoyed by others similarly engaged.

Our statutes are practically like the provisions of the Interstate Commerce Act, and are to be alike construed. In *Union Pac. R. Co.* v. *Updike Grain Co.,* 178 Fed., 223, it was held, syllabus, 2d paragraph:

"*Interstate Commerce Act Prohibits Undue and Unreasonable Prejudices and Disadvantages Only.*—The interstate commerce does not prohibit the giving of all preferences and advantages or the production of all prejudices and disadvantages. It prohibits only those that are undue and unreasonable."

Hutchinson on Carriers, Third Edition, Section 538:

"All special contracts or traffic arrangements between carrier and shipper are not forbidden or condemned, but only such as operate unfairly and evidence undue favoritism towards one, or deprive another of his just rights."

The facts stated in the petition are not alone sufficient to warrant therefrom a conclusion that there was an unlawful discrimination in this case. The burden rests upon the railway company to prove that the favor shown the shipper constitutes an undue preference or unjust discrimination. *Interstate Commerce Commission* v. *Baltimore & O. R. Co.,* 43 Fed., 37:

"Where a railroad company is charged with violating the interstate commerce act, by the issuance of 'party-rate tickets' at less than the rates charged single passengers, the burden of proving that such lower charge constitutes an undue preference is upon the person making the charge."

The judgment is reversed and the cause remanded to the superior court for further proceedings.

JONES (Oliver B.), J., and GORMAN, J., concur.